MALONE v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term. February 23, 1904.)

1. CARRIERS—BAGGAGE—RECEIPTS—LIMITATION OF LIABILITY—VALIDITY.
    Where plaintiff, on accepting defendant's receipt for her trunk, did not know that it embraced a proposal for a special contract, and took it simply as a receipt to enable her to trace her property, defendant was not exempt from liability, for loss of the trunk, in excess of the sum limited in the receipt.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Mary O. Malone against the Metropolitan Express Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Ralph G. Miller, for appellant.
William R. Dorman, for respondent.

FREEDMAN, P. J. No one can read the testimony given by and on behalf of the plaintiff, and the cross-examination of defendant's witness and superintendent, named Bardwell, without becoming con-

¶ 1. See Carriers, vol. 9, Cent. Dig. § 691.

vinced that the defendant received plaintiff's trunk as a common carrier under some arrangement with Montgomery, the agent of the Joy Line, by which the defendant became bound, for compensation received, to transport the said trunk from the dock of the Joy Line and deliver it for plaintiff's account to the Mallory Line, and that the defendant is estopped, as against the plaintiff, from denying Montgomery's authority in the premises.

There was also sufficient evidence to enable the judge below to find that the plaintiff, on accepting the receipt given to her by Montgomery, for the execution of which the latter had used a blank form issued by the defendant, did not know that said receipt embraced a proposal for a special contract, and that she took it simply as a receipt to enable her to trace her property. The case, therefore, falls within the doctrine of Springer v. Westcott, 166 N. Y. 117, 59 N. E. 693, and not within the decision of Bernstein v. Weir, 40 Misc. Rep. 636, 83 N. Y. Supp. 48, and the defendant is not exempt from liability, for the loss of the trunk, beyond the sum of $50. Moreover, no special contract limiting defendant's liability was pleaded.

The judgment should be affirmed, with costs.

DAVIS, J., concurs.

MacLEAN, J. (concurring in the result). Disembarking at the Joy Line Pier, in New York, on the 3d of September, 1903, the plaintiff went to the man who was taking the baggage, as everybody else was going to him, gave up the check for her luggage, paid 25 cents, and asked that her trunk be transferred across the city to the Mallory Dock by 3 o'clock on that day. After examining the contents of the trunk and putting some other things into it, she left it with him, and was given a paper in the form of a nonnegotiable receipt of the defendant company, a common carrier for hire, signed "J. Montgomery." Upon the nondelivery of the trunk as appointed, the plaintiff informed the defendant's office, and otherwise proceeded diligently, but never got back her baggage, and so brought this action, recovering judgment for the full amount within the jurisdiction of the court, having given evidence sufficient to show, if credited, as evidently it was, that the trunk came into the possession of the defendant, and that its contents were worth more than the amount recovered. The receipt was introduced in evidence, but, as it was repudiated by the defendant, and the learned justice ruled that Montgomery was not connected with the company defendant, the judgment does not rest upon that, and the defendant may not claim the benefit of the clause therein restricting the amount of the liability. The judgment rendered in favor of the plaintiff must be affirmed, with costs.

Judgment affirmed, with costs.